OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of Deja H. and Dashawn H. to appellee Lucas County Children Services Board ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
Appointed counsel Stephen A. Meyer has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that, after reviewing the record of proceedings in the trial court, he was unable to find any appealable issues.
Counsel for appellant does, however, set forth the following potential assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO APPELLEE WHEN APPELLANT WAS DENIED HER DUE PROCESS RIGHT TO RECEIVE ADEQUATE NOTICE OF HEARING AND THE TRIAL JUDGE ASSIGNED TO HER CASE WAS NOT THE JUDGE WHO SIGNED THE JUDGMENT ENTRY.
 "II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO APPELLEE WHEN APPELLANT WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL.
 "III. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO APPELLEE WHEN APPELLANT WAS HOSPITALIZED WITH A STROKE AND WAS DENIED COUNSELING DESPITE THE MANDATE IN O.R.C. 2151.412(H)."
 Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93
set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. Id. at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that she chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders, supra. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
The facts that are relevant to the issues raised on appeal are as follows. Appellant Deborah H. is the mother of Deja H., born on July 6, 1990, and Dashawn H., born on June 11, 1994. On September 25, 1997, appellee filed a "COMPLAINT IN DEPENDENCY AND NEGLECT AND MOTION FOR SHELTER CARE HEARING." In its complaint, appellee alleged that: 1) on September 23, 1997, appellant and the two children were observed by Toledo Police in a "reputed drug area" and that appellant was soliciting passing cars in order to get money to buy crack cocaine; appellant was arrested and charged with obstruction of justice, child endangering and loitering; 2) Toledo Police arrested Deja and Dashawn for safekeeping on September 23, 1997, and the children were placed with LCCS; 3) appellant remained incarcerated at the time of the filing of the complaint; 4) in 1986, appellant was diagnosed as suffering from a schizophrenic disorder and as being extremely pathological and at times out of touch with reality; 5) in late 1986, appellant's child Taji was placed in the custody of LCCS after she was severely physically abused by appellant and custody was returned to appellant in 1988; 6) in 1989, the agency again became involved with appellant after Taji was sexually abused by a friend of the family; 7) at the time of Deja's birth, the agency was informed that appellant and Deja tested positive for cocaine in their systems; 8) in 1990, the agency received another referral due to appellant's failure to learn to use an apnea monitor for Deja, her failure to follow through with other services, and a concern as to continued crack cocaine abuse; 9) in November 1992, the agency received a referral because appellant was continuing to use crack cocaine and was leaving Deja in the care of other individuals for weeks at a time; 10) in August 1993, the agency received a referral that Deja was sexually abused by her cousin; 11) in November 1994, appellant called the agency and said that she was using crack cocaine and wanted the children placed in foster care while she underwent treatment; 12) in June 1995, the agency received a referral that appellant was continuing to use crack cocaine and had left the children alone on three occasions; 13) in December 1995, the agency received another referral stating that drugs were being sold out of appellant's home, that she was using her entire ADC check to buy drugs and that she was leaving the children alone or with other drug users and 14) on December 26, 1996, appellant went to the hospital with two-year-old Dashawn, who appeared to be intoxicated, claiming that someone had given the child adult-strength cough medicine the previous day, leaving with the child before he could be tested.
On September 25, 1997, Deja and Dashawn were placed in emergency shelter care and temporary custody was awarded to LCCS. On November 6, 1997, adjudication and disposition hearings were held. Deja and Dashawn were adjudicated dependent and neglected children and temporary custody was awarded to Vincent H., the children's father. Appellant was granted supervised visitation. On January 12, 1998, LCCS filed a motion to change disposition and for shelter care hearing. On January 15, 1998, the children were again placed in shelter care.
On February 23, 1998, a hearing was held on appellee's motion to change disposition. On March 16, 1998, appellee's motion was granted and temporary custody was again awarded to LCCS.
On August 6, 1998, LCCS filed a motion for permanent custody of Deja and Dashawn. The motion reviewed the family's past involvement with the agency and further alleged that: 1) appellant had entered drug abuse treatment pursuant to her case plan but did not complete the program; 2) appellant had been recommended for residence at the Sparrow's Nest but declined to go and 3) because appellant did not successfully complete the substance abuse portion of her case plan she failed to become eligible for other services.
On September 22, 1998, a pre-trial was held on the motion for permanent custody. Appellant was present and trial was scheduled for December 8, 1998, at 9:00 a.m. On October 7, 1998, appellant filed a witness list for the December 8, 1998 trial. The case came on for trial as scheduled. Appellant was not present and her attorney moved to withdraw. Counsel stated that she had not received any cooperation from appellant in preparing for trial and the last time she saw appellant was on October 6, when appellant unexpectedly came to counsel's office. Counsel said she talked to appellant briefly and set an appointment for the next day, which appellant did not keep. Counsel said she last spoke with appellant in early November when appellant made an appointment for November 10, which she also failed to keep. The court granted counsel's motion to withdraw and the case proceeded to trial. Appellee presented its case and the court took the matter under advisement.
On December 10, 1998, appellant filed a "MOTION TO SET ASIDE TRIAL AND REQUEST TO RE-SCHEDULE TRIAL DATE." In her motion, appellant asserted that she had moved prior to trial and did not receive notice of the December 8, 1998 hearing. She further stated that she believed the trial was set to begin at 1:00 p.m. on that date because that was the time indicated on the subpoenas issued to her witnesses. On January 15, 1999, a hearing was held on appellant's motion. Appellant's counsel who had earlier withdrawn appeared at the hearing and argued that appellant came to court at 1:00 on December 8, 1998 for the trial and that she "had forgotten or did not realize the trial had started at 8:30 or 9 as it was set." Appellee responded that appellant was present at the pre-trial on September 22, 1998, when the trial date and time were set and that appellant at that time signed a written notice of hearing. The trial court then showed appellant a copy of the written notice of hearing and asked her if the signature on the bottom of the document was hers. Appellant identified her signature and admitted that she signed it. Appellant acknowledged to the court that she understood at the pre-trial that the trial was set for 9:00 a.m. on December 8, 1998. The trial court then denied appellant's motion to vacate the trial.
On February 9, 1999, the trial court filed its judgment entry in which found that: 1) appellant had not completed any aspect of her case plan; 2) appellant's chemical dependency is so severe that it makes her unable to provide an adequate permanent home for the children at the present time or, as anticipated, within one year after the date of the permanent custody hearing; 3) Deja and Dashawn are not abandoned or orphaned and cannot be placed with either of their parents within a reasonable time; 4) the children are in need of a legally secure placement which cannot be achieved without a grant of permanent custody; 5) despite reasonable case planning and efforts by the agency, appellant has failed continuously and repeatedly to substantially remedy the conditions causing the children to be removed from the home and 6) there is clear and convincing evidence that it is in the best interest of Deja and Dashawn to grant permanent custody to LCCS. It is from that judgment that appellant appeals.
In her first potential assignment of error, appellant asserts that she did not receive adequate notice of the December 8, 1998 hearing. Appellant argues that she should have received notice by mail and that her only notice was by way of a subpoena. Appellant also claims it was error for the trial court to permit the final judgment entry to be signed by a judge other than the one who presided over the hearing.
As to appellant's claim that she did not receive notice of the hearing, the argument is wholly without merit in light of her admission to the trial court that she signed the notice of the hearing date and time at the pre-trial.
As to appellant's claim regarding the signature on the judgment entry filed February 9, 1999, we note preliminarily that appellant does not state how she was prejudiced thereby. A review of the record shows an entry on the trial docket dated January 15, 1999, which states: "The court, having heard all the evidence at trial hereby grants the motion for permanent custody. See JE AD/ce (JE to be submitted by Bruce McLaughlin)." The entry was subsequently prepared by appellee's Attorney McLaughlin, who was present throughout the trial, and submitted to the court for approval. The signed judgment entry does not deviate from the docket entry quoted above and appellant does not assert that it does. Civ.R. 58(A), contrary to appellant's argument, does not specify that a final order must be signed by the judge who renders the decision. The rule states in relevant part that "* * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal." We see no irregularity in filing a judgment entry over another judge's signature, as the judge who signed the entry is as much an officer of the court as the judge who heard the trial and rendered the decision. We therefore find this argument without merit.
Accordingly, appellant's first proposed assignment of error is not well-taken.
In her second proposed assignment of error, appellant asserts that she was not afforded effective assistance of counsel because trial counsel failed to file a motion for appointment of a psychiatric expert witness when her mental health was at issue in this case. Appellant further asserts that she was denied effective assistance of counsel because her attorney was permitted to withdraw after the November 6, 1997 adjudication and disposition hearings, was reappointed after a shelter care hearing on January 12, 1998, and again was permitted to withdraw at the time of the permanent custody hearing on December 8, 1998. Appellant does not address or challenge any possible reasons for this chain of events, or explain how she was prejudiced thereby.
To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin (1988),37 Ohio St.3d 153.
As to appellant's first argument in support of this assignment of error, the record reflects that appellant's mental health was not a principal issue in this case. It is clear from the record, including the trial court's final judgment entry, that appellant's severe and chronic substance abuse was the primary reason reunification was not successful. Further, appellant's case plan did address her mental health by way of offering treatment at the Zepf Center and SASI.
As to appellant's concern that counsel was permitted to withdraw twice during the pendency of this case, the record reflects that in both instances, counsel was permitted to withdraw because of a lack of cooperation from appellant. Appellant failed to keep appointments and failed to respond to a letter from counsel one week before the permanent custody trial stating that it was imperative that she call counsel immediately.
Upon consideration of the record of proceedings in this case, this court finds that appellant has not shown that counsel's performance fell below an objective standard of reasonableness and that, considering the totality of the evidence before the court, the result of the trial would not have been different had counsel performed otherwise. Accordingly, appellant was not denied effective assistance of counsel and her second proposed assignment of error is not well-taken.
In her third proposed assignment of error, appellant asserts that the trial court erred by granting the motion for permanent custody because appellant was hospitalized with a stroke, which prevented her from being able to successfully complete substance abuse treatment, and because she was generally denied counseling.
There is no evidence in the record that appellant ever was hospitalized with a stroke. Nor is there evidence that appellant was denied counseling. The record shows that appellee offered appellant numerous services which she either refused or failed to complete. Further, there is clear and convincing evidence to support the trial court's finding that appellant failed to complete her case plan due to her drug abuse. Accordingly, appellant's third proposed assignment of error is not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The decision of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Richard W. Knepper, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.